Filed 9/21/15  P. v. Mosley CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041661 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1239917) |
| v. | |
| AIKILI MOSLEY, | |
| Defendant and Appellant. | |

Defendant Aikili Mosley pleaded no contest to seven counts of robbery and two counts of false imprisonment.  He admitted that all of the offenses were committed for the benefit of and in association with a criminal street gang, that a principal personally used a firearm during the commission of the robberies, and that he personally used a firearm during the commission of the false imprisonments.  The court sentenced defendant to 19 years four months in prison.

Defendant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  We notified defendant of his right to submit a written argument on his own behalf, but he has not done so.

Pursuant to *Wende*, we reviewed the entire record and have concluded that there are no arguable issues on appeal.  As required by *People v. Kelly* (2006) 40 Cal.4th 106, 110, we will provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed."  We will

further include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id.* at p. 112.)

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

On the afternoon of August 27, 2012, defendant (then 20 years old) and Glenn Johnson robbed a Wells Fargo bank in San Jose. During the robbery they wore ski masks and brandished firearms. One of the men jumped over the teller counter and demanded cash from the tellers, which he put in a pillowcase. There were seven bank employees and two customers present during the robbery. The men fled the scene in a stolen vehicle, which they abandoned a short distance away. They continued to flee on foot.

San Jose police arrested defendant as he fled. His shoes resembled those of the robbery suspect who jumped over the teller counter, as seen on a video of the robbery. A pillowcase containing $9,847 in cash and a loaded gun was recovered nearby. Shortly thereafter, police stopped a vehicle registered to defendant. Martel Williams was driving the vehicle and Johnson was in the passenger's seat. Williams and Johnson were arrested.

Police determined that all three suspects were documented members of the East Coast Crips gang and were from Los Angeles. Each man had tattoos associated with the East Coast Crips. Williams told police an older member of the gang had planned the robbery. Williams was supposed to drive defendant and Johnson back to Los Angeles after the robbery in exchange for $200. He admitted to being a member of the East Coast Crips. Johnson admitted to police that he was involved in the robbery.

On August 29, 2012, the Santa Clara County District Attorney charged Williams, Johnson, and defendant with seven counts of robbery (one for each bank employee) and two counts of false imprisonment (one for each bank customer). (Pen. Code, §§ 211,

---

[1] The factual background is taken from the probation officer's report.

2

236.)[2]  The complaint alleged a number of enhancements:  (1) that defendants committed all of the offenses for the benefit of and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)); (2) a principal personally used a firearm in the commission of the robberies (§ 12022.53, subds. (b), (e)(1)); and (3) defendant personally used a firearm in the commission of the false imprisonments (§ 12022.5, subd. (a)).

At a hearing on October 25, 2013, defendant was informed that he faced a maximum penalty of 71 years in prison if convicted.  The prosecutor offered a plea bargain pursuant to which defendant would serve a 22-year sentence.  The court proposed a range of 15 to 30 years.  After conferring with his public defender, defendant accepted the court's offer.  He pleaded no contest to all nine counts and admitted the alleged enhancements pursuant to an open plea on the understanding that the court had given a nonbinding, tentative indicated sentence of 15 to 30 years in state prison.  Before defendant entered his plea, he was advised of, and waived, his rights to a preliminary hearing, a jury trial, to present a defense, to confrontation, and to self-incrimination.

Defendant was interviewed by a probation officer on December 20, 2013.  Defendant admitted to being a member of East Coast Crips and to the robbery, although he denied the robbery was planned by an older gang member.  Instead, defendant claimed he, Williams, and Johnson had come to San Jose for a party and robbed the bank because they needed money to get home to Los Angeles.  Defendant expressed remorse for the crime.  According to the probation officer's report, defendant had no criminal history as an adult.  The probation department recommended a sentence of 26 years.

The court sentenced defendant to a term of 19 years four months on September 24, 2014.  On the count 1 robbery charge, the court imposed the midterm sentence of three years and a consecutive 10-year firearm use enhancement pursuant to section 12022.53, subdivision (b).  On the count 2 robbery charge, the court imposed a consecutive one-

---

[2] Unspecified statutory references are to the Penal Code.

year sentence, which represents one-third the midterm sentence for robbery, and a consecutive three-year-four-month term for the firearm use enhancement (one-third the 10-year enhancement). As to the remaining robbery charges, counts 3 through 7, the court imposed concurrent 13-year terms (the midterm three-year sentence plus 10 years for the firearm use enhancement). The court imposed a consecutive two-year term for the count 8 false imprisonment charge, consisting of one-third the midterm sentence (eight months) plus one-third the midterm for the section 12022.5 firearm use enhancement (one year four months). Finally, on count 9, the court imposed a concurrent 12-year term (the midterm two-year sentence plus 10 years for the firearm use enhancement). The court struck punishment for the gang enhancements.

The court also imposed a number of fines and fees. Specifically, it imposed the minimum restitution fine under section 1202.4, subdivision (b), of $240; a $360 fee under section 1465.8, subdivision (a)(1) (consisting of $40 for each conviction); a $270 fee under Government Code section 70373 (consisting of $30 for each felony conviction); and a $129.75 fee under Government Code section 29550.1 payable to the City of San Jose.

Defendant timely filed a notice of appeal.

## II.    DISCUSSION

Having examined the entire record, we conclude that there are no arguable issues on appeal.

## III.    DISPOSITION

The judgment is affirmed.

_____

Walsh, J.[*]

WE CONCUR:

_____

Rushing, P. J.

_____

Elia, J.

People v. Mosley
H041661

_____

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.